**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

ALEX WEST, and BARABARA
ROCHELEAU WEST,

          Case No. 2:12-13572

    Plaintiffs,          Hon. Lawrence P. Zatkoff

    v.

WELLS FARGO BANK, N.A., UNKNOWN TRUST,
and UNKNOWN HOLDERS

    Defendants.
_____/

**OPINION AND ORDER**

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan, on May 1, 2013

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

## I. INTRODUCTION

This matter is before the Court on Plaintiffs' Motion to Remand [dkt 7]. The Motion has been fully briefed. The Court finds that the facts and legal arguments are adequately presented in the parties' papers, and the decision process would not be significantly aided by oral argument. Therefore, pursuant to E.D. Mich. L.R. 7.1(f)(2), it is hereby ORDERED that the Motions be resolved on the briefs submitted. For the reasons set forth below, Plaintiffs' Motion to Remand is DENIED.

## II. BACKGROUND

On May 27, 2005, Plaintiff Alex West executed an Adjustable Rate Mortgage Note, in the amount of $628,250.00 (the "Note"). As security for the Note, also on May 27, 2005, Alex West and Plaintiff Barbara Rocheleau-West executed a mortgage ("Mortgage") encumbering the real property

known as 48240 Manorwood Drive, Northville, Michigan 48167 ("Property"). The Mortgage was recorded on June 10, 2005.

The Note and the Mortgage were both in favor of World Savings Bank, FSB. On December 31, 2007, World Savings Bank, FSB changed its name to Wachovia Mortgage. On November 1, 2009, Wachovia Mortgage converted to a national bank—Wells Fargo Bank Southwest, N.A.—which eventually merged with Defendant Wells Fargo Bank, N.A. ("Wells Fargo"). Wells Fargo is a national banking association with a main office in Sioux City, South Dakota.

A dispute arose between the parties in connection with the Property, Note, and Mortgage. Plaintiffs thereafter filed their initial Complaint and a Motion for Temporary Restraining Order and Injunctive Relief on July 10, 2012, in Wayne County Circuit Court ("state court"), seeking to enjoin Wells Fargo from selling the Property at a Sheriff's Sale. The state court Complaint named as Defendants "WELLS FARGO BANK, NA, individually, and as Trustee of the unknown asset-backed security at issue; and UNKNOWN HOLDERS, the unknown holders of said asset-backed security."

On July 11, 2012, the state court granted Plaintiffs' Request for a TRO and on July 20, 2012, entered a preliminary injunction enjoining the Sheriff's Sale until after trial. Wells Fargo received copies of Plaintiffs' Summons and Complaint on July 17, 2012, at the corporate office of "Wells Fargo & Company"—not a party to this action—which is located in San Francisco, California. The Summons and Complaint, however, were addressed to "Wells Fargo Bank, N.A.," "Wells Fargo Bank, N.A. as Trustee for Unknown Holders," and "Unknown Holders c/o Wells Fargo Bank, N.A., as trustee." Wells Fargo & Company thereafter forwarded the Summons and Complaint to Wells Fargo's resident agent for processing.

On August 13, 2012, Wells Fargo timely removed the matter to this Court. Plaintiffs then filed their first Amended Complaint, naming as Defendants "WELLS FARGO BANK, N.A., individually, and as Trustee of the unknown asset-backed security at issue; UNKNOWN TRUST, the unknown asset-

backed security at issue; and UNKNOWN HOLDERS, the unknown holders of said asset-backed security." Plaintiffs thereafter filed the instant motion disputing the propriety of the removal.

### III. LEGAL STANDARD

A civil case filed in state court may be removed to federal court if it could have been brought in federal court originally. *See* 28 U.S.C. § 1441(a). Federal courts have original, diversity jurisdiction where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states. *See* 28 U.S.C. § 1332. The federal courts also have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States. *See* 28 U.S.C. § 1331.

### IV. ANALYSIS

At the heart of Plaintiffs' claim is their theory that the Note and Mortgage were packaged and sold into an asset-backed security—the "Unknown Trust"—which was then sold to the "Unknown Holders." Plaintiffs aver that Wells Fargo is the trustee of the Unknown Trust and Unknown Holders. Plaintiffs seek remand of this case, claiming that: 1) Wells Fargo failed to establish diversity by not disclosing the identities of the Unknown Holders or the citizenship of every member of the Unknown Trust; 2) Wells Fargo has not established supplemental jurisdiction because Plaintiffs' claims present novel issues of state law that substantially predominate over the federal claim; 3) that Defendants waived any right to remove by not attending the state court TRO hearing; and 4) that Defendants violated the "rule of unanimity" by removing the case without the consent of the Unknown Trust and Unknown Holders.

Wells Fargo denies Plaintiffs' theory and argues that it is not an agent of the Unknown Holders or Unknown Trust and is not authorized to accept service of process on behalf of those "fictitious" entities. Additionally, Wells Fargo claims that the Mortgage and Note are neither owned by any trust, nor part of an asset-backed security. Rather, according to Wells Fargo's computerized servicing system, the

Mortgage and Note are owned by "Investor 010"—a label that corresponds to Wells Fargo Bank, N.A. On these bases, Wells Fargo asserts that it is the only relevant Defendant in this case, thereby establishing diversity jurisdiction.

The Court agrees with Defendant. As outlined below, jurisdiction in this case is proper based on both diversity and federal question/supplemental jurisdiction. The Court additionally finds that Defendants neither waived their right to remove, nor violated the rule of unanimity.

### A. DIVERSITY/FEDERAL-QUESTION JURISDICTION

It is beyond dispute that Plaintiffs, citizens of Michigan, and Wells Fargo, a citizen of South Dakota, are diverse, and that the amount in controversy exceeds $75,000.00. Nevertheless, Plaintiffs' attempt to evade diversity jurisdiction by naming two "John Doe" Defendants—the Unknown Holders and Unknown Trust (hereinafter the "entities"). Plaintiffs purported to "serve" the entities by sending a copy of the Summons and Complaint to Wells Fargo (addressed to the entities) at the address of "Wells Fargo & Company" in San Francisco, California—the incorrect address for Wells Fargo, N.A. Notably, however, Plaintiffs set forth no factual basis for claiming the existence of either of these entities. On the other hand, Wells Fargo *has* provided evidence—in the form of a declaration from litigation support manager Michael Dolan—that the Mortgage and Note are held by "Investor 10," (*i.e.*, Wells Fargo) and that "Wells Fargo is not acting as trustee in connection with the Mortgage and Note in this case." Plaintiffs fail to rebut Dolan's declaration. As such, jurisdiction is properly founded upon diversity. *See* 28 U.S.C. § 1332. *See also* 28 U.S.C. § 1441(b)(1) ("[i]n determining whether a civil action is removable on the basis of [diversity], the citizenship of defendants sued under fictitious names shall be disregarded"; *Howell v. Tribune Entertainment Co.*, 106 F.3d 215, 218 (7th Cir. 1997) ("naming a John Doe defendant will not defeat the named defendants' right to remove a diversity case if their citizenship is diverse from that of the plaintiff's.").

Notwithstanding this, however, is the fact that the Court may also exercise supplemental jurisdiction under 28 U.S.C. § 1367. Plaintiffs make a claim under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. 1592, *et seq*. Accordingly, the Court unquestionably has original federal-question jurisdiction over the FDCPA claim, and may exercise supplemental jurisdiction over state law claims "so related to [the federal claim] that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). A claim forms part of the same case or controversy where it "derive[s] from a common nucleus of operative facts." *Harper v. AutoAlliance Intern., Inc.*, 392 F.3d 195, 209 (6th Cir. 2004) (internal citation and quotation marks omitted). "In determining whether to retain jurisdiction over state-law claims, a district court should consider and weigh several factors, including the 'values of judicial economy, convenience, fairness, and comity.'" *Gamel v. City of Cincinnati*, 625 F.3d 949, 951 (6th Cir. 2010) (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988)).

Plaintiffs challenge the Court's supplemental jurisdiction, arguing that their state law claims present novel and complex issues under Michigan law and substantially predominate over Plaintiffs' federal claims. Plaintiffs also argue that Michigan courts are more properly situated than federal courts to deal with foreclosure-related claims and defenses. The Court disagrees.

First, Plaintiffs' state and federal claims derive from a common nucleus of operative facts— namely, Wells Fargo's attempts to collect Plaintiffs' mortgage debt and eventual foreclosure of Plaintiffs' home. Second, the values of judicial economy, convenience, fairness, and comity do not favor declining supplemental jurisdiction over Plaintiffs' state law claims. Unlike other courts that have declined exercising jurisdiction over state law claims, this Court has not otherwise "dismissed all claims over which it ha[d] original jurisdiction." 28 U.S.C. § 1367(c)(3); *see also Gamel v. City of Cincinnati*, 625 F.3d 949, 952 (6th Cir. 2010) ("When all federal claims are dismissed before trial, the balance of

5

considerations usually will point to dismissing the state law claims, or remanding them to state court if the action was removed.").

Last, the claims raised by Plaintiffs are quite common and thus do not raise novel or complex issues of state law. *See* 28 U.S.C. § 1367(c)(1), (2); *Runkle v. Fleming*, 435 F. App'x 483, 486 (6th Cir. 2011) (finding the court within its discretion to decline to exercise supplemental jurisdiction where the claim raised complex state law issues). Therefore, even if lacking diversity jurisdiction, the Court may nevertheless exercise supplemental jurisdiction over Plaintiffs' state law claims.

## B. WAIVER

In the alternative, Plaintiffs argue that Wells Fargo waived its right to remove by not attending a state court show-cause hearing. Wells Fargo claims that did not intentionally fail to appear at the state court hearing, but rather was unaware of the hearing due to Plaintiffs improper service.

Wells Fargo's argument is well-taken. Plaintiffs did not properly serve Wells Fargo. The agent registered to accept service on behalf of Wells Fargo is the Corporation Service Company. Plaintiff, however, did not serve Wells Fargo via its agent. Instead, Plaintiffs mailed a copy of the Summons and Complaint to "Wells Fargo & Company" in San Francisco, California. Wells Fargo & Company, however, is not a party to this case. Nevertheless, Wells Fargo & Company forwarded the Summons and Complaint to Wells Fargo's resident agent. Yet, by the time Wells Fargo received notice, the hearing had already taken place. On these bases, the Court finds that Wells Fargo did not intentionally fail to appear at the state court hearing and did not waive its right to remove.

## C. RULE OF UNANIMITY

Last, Plaintiffs argue that the case must be remanded because Wells Fargo violated the rule of unanimity by filing its notice of removal without the consent of the Unknown Trust and Unknown Trustee. Title 28 U.S.C. § 1446 requires the unanimous consent of all defendants to the removal. *Loftis v. UPS, Inc.*, 342 F.3d 509, 516 (6th Cir. 2003). The statute, however, requires only those "defendants

6

who have been properly joined and served" to consent to removal. 28 U.S.C. § 1446(b)(2)(A). The Court finds nothing indicating that either the Unknown Trust or the Unknown Trustee has, in fact, been served. Although Plaintiffs have filed certificates of service indicating that copies of the summons and complaint were "served" on the Unknown Trust and Unknown Holders by mailing these items to Wells Fargo & Company, Wells Fargo & Company is a separate entity that is not a party to this action.

Moreover, the service of a summons and complaint must follow state law. *See* Fed. R. Civ. P. 4(e)(1). The Michigan court rules require that service be made in a "manner reasonably calculated to give the defendant actual notice of the proceedings and an opportunity to be heard." Mich. Ct. R. 2.105(I)(1). "If the . . . present address of the defendant is unknown, the [party seeking alternate service] must set forth facts showing diligent inquiry to ascertain it." Mich. Ct. R. 2.105(I)(2). The Court does not find that sending a copy of the Summons and Complaint to Wells Fargo is "reasonably calculated" to give notice to the unknown Defendants, or that Plaintiffs have made any inquiry to determine the address of the unknown Defendants. In fact, Plaintiffs have provided no factual basis to show that the entities even exist. Therefore, the unknown Defendants have not been served properly, and Wells Fargo was not required to seek their consent prior to filing the notice of removal.

## V. CONCLUSION

Accordingly, and for the reasons set forth above, IT IS HEREBY ORDERED that Plaintiffs' motion to remand [dkt 7] is DENIED.

IT IS FURTHER ORDERED that Plaintiffs' shall file any response to Defendant's Motion to Dismiss on or before 5:00 p.m. on Monday, May 6, 2013.

IT IS SO ORDERED.

Date:  May 1, 2013                                   s/Lawrence P. Zatkoff
                                                     LAWRENCE P. ZATKOFF
                                                     U.S. DISTRICT JUDGE