UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALEX WEST and BARBARA
ROCHELEAU-WEST,

        Plaintiffs,

v.

WELLS FARGO BANK, N.A., individually, and
As Trustee of the unknown asset-backed security
at issue, and UNKNOWN HOLDERS, the
unknown holders of said asset-backed security,

        Defendant.
_____/

Case No. 2:12-cv-13572
Hon. Lawrence P. Zatkoff

## OPINION AND ORDER

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan, on June 26, 2013
PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

### I. INTRODUCTION

This matter is before the Court on Defendant's Motion to Dismiss [dkt 8]. The parties have fully briefed the motion. The Court finds that the facts and legal arguments are adequately presented in the parties' papers such that the decision process would not be significantly aided by oral argument. Therefore, pursuant to E.D. Mich. L.R. 7.1(f)(2), it is hereby ORDERED that the Motion be resolved on the briefs submitted, without oral argument. For the following reasons, Defendant's Motion is GRANTED and Plaintiffs' Complaint is DISMISSED WITH PREJUDICE.

### II. BACKGROUND

**A. FACTUAL BACKGROUND**

This is a foreclosure case involving real property located at 48240 Manorwood Drive, Northville Township, MI 48167 ("Property"). On May 27, 2005, Plaintiffs received a loan in the amount of

$628,250.00 (the "Loan") from original lender, World Savings Bank, FSB. At closing, Plaintiffs executed a note (the "Note") and, to secure repayment of the Loan, granted a mortgage interest in the Property (the "Mortgage"). The Mortgage was recorded with the Oakland County Register of Deeds on June 10, 2005, Liber 42901, Page 112, Wayne County Register of Deeds.

Plaintiffs' initial biweekly principal and interest payment under the Note was $1,084.11. Under the terms of the Mortgage, if Plaintiffs failed to make these payments, the lender and the lender's successors and assigns could commence foreclosure proceedings against the Property.

Plaintiffs subsequently defaulted on their Loan. Accordingly, foreclosure proceedings were commenced pursuant to the Mortgage and Michigan law. Plaintiffs received written notice of the statutory loan modification process under Mich. Comp. Laws § 600.3205a, and they requested a meeting to attempt to work out a modification of their Loan. Plaintiffs were not offered a loan modification even after applying each of the statutory guidelines under Mich. Comp. Laws § 600.3205c because Plaintiffs' housing-related debt still exceeded 38% of their gross income.

**B. PROCEDURAL BACKGROUND**

Plaintiffs filed their initial Complaint on July 10, 2012, in the Wayne County Circuit Court. Plaintiffs also filed a Motion for Temporary Restraining Order and Injunctive Relief. On July 11, 2012, the Wayne County Circuit Court granted Plaintiffs' Request for a Temporary Restraining Order, enjoining Defendant from selling the Property at a Sheriff's Sale. On July 20, 2012, the Circuit Court entered a preliminary injunction enjoining the Sheriff's Sale until after trial.

On or about July 17, 2012, Defendant received copies of Plaintiffs' Summons and Complaint. On August 13, 2012, Defendant timely removed the matter to this Court. On August 20, 2012, Defendant filed its Motion to Dismiss. In response, Plaintiffs filed their Verified First Amended Complaint.

In their First Amended Complaint, Plaintiffs allege claims against Defendant for violation of Michigan's foreclosure statutes (Counts I and XIII), intentional and constructive fraud (Counts II and III), violation of the federal Fair Debt Collection Practices Act ("FDCPA") (Count IV), violation of the Michigan Regulation of Collection Practices Act ("MRCPA") (Count V), violation of Michigan's Occupational Code (Count VI), interference with contractual relations (Count VIII), civil conspiracy (Count IX), unclean hands (Count X), breach of the implied duty of good faith and fair dealing (Count XI), breach of contract (Count XII), and a request for an accounting of Plaintiffs' payments (Count VII).

Defendant filed the instant motion on September 27, 2012. On May 24, 2013, Plaintiffs voluntarily dismissed Counts VI, VIII–XI, and XIII.

### III. LEGAL STANDARD

A motion brought pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted tests the legal sufficiency of a party's claims. The Court must accept as true all factual allegations in the pleadings, and any ambiguities must be resolved in that party's favor. *See Jackson v. Richards Med. Co.*, 961 F.2d 575, 577–78 (6th Cir. 1992). While this standard is decidedly liberal, it requires more than a bare assertion of legal conclusions. *See Advocacy Org. for Patients & Providers v. Auto Club Ins. Ass'n*, 176 F.3d 315, 319 (6th Cir. 1999). A party must make "a showing, rather than a blanket assertion of entitlement to relief" and "[f]actual allegations must be enough to raise a right to relief above the speculative level" so that the claim is "plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). "A claim has facial plausibility when the party pleads factual content that allows the court to draw the reasonable inference the defendant is liable for the alleged misconduct." *See also Ashcroft v. Iqbal*, __ U.S. ___, 129 S. Ct. 1937, 1953 (2009).

In deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), this Court may only consider "the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the

3

pleadings, and matters of which the [Court] may take judicial notice." 2 James Wm. Moore et al., *Moore's Federal Practice* ¶ 12.34[2] (3d ed. 2000).

## IV. ANALYSIS

### A. COUNT I – VIOLATION OF MICH. COMP. LAWS §§ 600.3204, *ET SEQ.*; 600.3205C, *ET SEQ.*

Plaintiffs' claim, rather incoherently, that Defendant violated Michigan's foreclosure statutes in a number of ways. First, Plaintiffs allege that Defendant breached § 600.3204(4) by "improperly determin[ing] that Plaintiffs did not qualify for a loan modification and instead proceeded with a foreclosure by advertisement, which is barred by Mich. Comp. Laws § 600.3205c." *See* Dkt. 23 at 9. This claim is misplaced, however, because the statute does not require Defendant to modify Plaintiffs' Loan. Rather, the statute only requires Defendant to consider Plaintiffs for a loan modification. *See* Mich. Comp. Laws §§ 600.3204(4), 600.3205c. The parties appear to be in agreement that Defendant complied with structural requirements of the statute. *See* Dkt. 6 at ¶ 20 ("Plaintiffs took all required action to trigger the Statutory Modification process"); ¶ 21 (Defendant participated in the statutory loan modification process); ¶ 23 ("Plaintiffs . . . had a meeting with the foreclosing law firm and Wells Fargo"). Plaintiffs' Loan was ultimately not modified because, based upon the information that they provided, they did not satisfy the statutory requirements for a modification. *See* Dkt. 8, ex. 5. Plaintiffs set forth no factual basis or allegations showing otherwise.

Second, Plaintiffs claim they are entitled to convert the foreclosure by advertisement into a judicial foreclosure under Mich. Comp. Laws § 600.3205c. The Court disagrees. Section 3205c provides in relevant part:

> [T]he borrower may file an action in the circuit court for the county where the mortgaged property is situated to convert the foreclosure proceeding to a judicial foreclosure. If a borrower files an action under this section and the court determines that the borrower participated in the process under section 3205b, a modification agreement was not reached, *and the borrower is eligible for modification* . . . the court shall enjoin foreclosure of the mortgage by advertisement and order that the foreclosure proceed under chapter 31 M.C.L. § 600.3205c(8)

4

Mich. Comp. Laws § 600.3205c (emphasis added). Plaintiffs cannot convert the action to a judicial foreclosure because they were not eligible for a loan modification—most notably because their household debt to income ratio exceeded 38%. *See* Dkt. 8, ex. 5. Although Plaintiffs make the unsupported claim that they were, in fact, qualified for a modification, they provide no facts in support of this, let alone an alternative calculation showing that their income was sufficient to warrant a modification under the statutory guidelines. Plaintiffs' bare assertions to the contrary are insufficient to sustain their claim.

Third, Plaintiffs claim that Defendant improperly appointed the foreclosing law firm, Trott & Trott, as the "agent" under Mich. Comp. Laws § 600.3205a. Although the statute requires a foreclosing entity to designate an agent to conduct a review, the statute's language does not preclude assignment of a law firm as the agent. *See* Mich. Comp. Laws §§ 600.3205a(1)(c); 600.3205a(1)(b) (the lender may designate "any agent" with the authority to discuss loan modifications). Plaintiffs provide no authority to indicate otherwise.

Last, Plaintiffs claim that Defendant violated § 600.3205c(5)(b) by failing to provide them with a copy of the program, process, or guidelines under which the loan modification determination was made. The statute requires a foreclosing entity or its agent to provide this information—if requested by the borrower—either 90 days after the notice required under § 3205a(1) is sent or 10 days after the modification meeting. *See* Mich. Comp. Laws § 600.3205c(5)(b). Plaintiffs, however, have failed to plead sufficient facts showing that they ever requested this information from Defendant. Plaintiffs state only that they "requested a copy of the program, process, or guidelines" and that they did so by using the following language: "Pursuant to . . . § 3205c(5)(b), [Plaintiffs] hereby request[] a copy of the program, process or guidelines that the person designated under . . . § 600.3205a(1)(c) will use to determine whether the borrower qualifies for a loan modification." *See* Dkt. 23 at 11; Dkt. 6 at 9–10. This assertion, however, amounts to little more than a restatement of the statutory provisions. Plaintiffs failed to plead

5

any specific facts as to *how* they made the purported request (*i.e.*, in writing, verbally); *when* they made it; or *to whom* it was directed. This is insufficient "to raise a right to relief above the speculative level" or make Plaintiffs' claim "plausible on its face." *See Twombly*, 550 U.S. at 555, 570. As such, Plaintiffs' claim must fail.

### B. COUNTS II AND III – FRAUD AND MISREPRESENTATION

Plaintiffs state in Counts II and III of their Complaint that representatives of Defendant lied to and otherwise defrauded Plaintiffs by informing them that the only way to fully qualify for modification would be to intentionally fall behind in the Mortgage. The Court finds, however, that Plaintiffs have failed to plead their fraud claims with any degree of particularity.

The Sixth Circuit has "interpreted [Fed. R. Civ. P] 9(b) to require that a plaintiff allege the time, place, and content of the alleged misrepresentations on which he or she relied; the fraudulent scheme; the fraudulent intent of the defendants; and the injury resulting from the fraud." *Sanderson v. HCA-The Healthcare Co.*, 447 F.3d 873, 877 (6th Cir. 2006) (citation omitted). Plaintiffs failed to allege any sort of detail or particularity regarding who made false representations, when such representations were made, or why such representations were intentional. As such, Plaintiffs have failed to state sufficient allegations to make out a claim of fraud, and their claim must fail. *See* also *Ormanion v. Detroit Entm't, LLC*, No. 256424, 2005 WL 2372084, at *2 (Mich. Ct. App. Sept. 27, 2005) (holding that plaintiffs "g[a]ve no specific indication of their basis for claiming that defendants knew they were making false representations. Thus, defendants were entitled to summary disposition with regard to plaintiffs' fraudulent misrepresentation claims because they were not pleaded with particularity.").

### C. COUNT IV – FDCPA CLAIM

In Count IV, Plaintiffs allege that Defendants violated the FDCPA. Under the FDCPA, "statutory liability is limited to debt collectors." *Wadlington v. Credit Acceptance Corp.*, 76 F.3d 103, 104 (6th Cir. 1996). The FDCPA does not apply here because Defendant is the creditor—not a "debt

6

collector" within the meaning of the Act. *See* 15 U.S.C. § 1692a(6). The original lender was World Savings Bank, FSB. On December 31, 2007, World Savings Bank, FSB changed its name to Wachovia Mortgage, FSB. *See* Dkt. 8, ex. 1. On November 1, 2009, Wachovia Mortgage, FSB converted to a national bank—Wells Fargo Bank Southwest, N.A.—which was merged with Wells Fargo Bank, N.A. *See* Dkt. 8, ex. 2. A party collecting debts on its own behalf—as Defendant is doing here—by definition cannot be a debt collector under the FDCPA. *See* 15 U.S.C. § 1692a(6)(A). Plaintiffs simply declare—with no factual support—that Defendant is attempting to collect a debt that is "due another":

> there is no valid assignment of record to establish that the Freddie Mac and/or the Unknown Trust on behalf of the Unknown Holders is a creditor or that Wells Fargo is a loan servicer, thus making the alleged debt "due another;" (2) Wells Fargo made persistent efforts to collect a debt, i.e., mortgage payments; and, (3) the Defendants used the mails as well as an instrumentality of interstate commerce, i.e., the telephone system, in the collection of debts.

*See* Dkt. 6 at 16. These claims, once again, amount to little more than a restatement of the statutory provisions and are insufficient "to raise a right to relief above the speculative level" or make Plaintiffs' claim "plausible on its face." *See Twombly*, 550 U.S. at 555, 570.[1]

### D. COUNT V – MRCPA CLAIM

In Count V, Plaintiffs allege a violation of the MRCPA, Mich. Comp. Laws § 445.251, *et seq*. The MRCPA prohibits misrepresentations and misleading communications by a "regulated person" in connection with the collection of a debt or a claim. Mich. Comp. Laws § 445.252. A borrower, however, has a private right of action only to seek actual damages, or to obtain civil fines in the event of a "willful violation." Mich. Comp. Laws § 445.257. Once again, Plaintiffs fail to plead any facts specifically identifying what communications Defendant made; how such communications were misleading or deceptive; or how these purportedly unspecified, deceptive communications were willfully made in

---

[1] Notwithstanding this, the FDCPA excludes from the definition of "debt collector" any "person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity . . . concerns a debt which was not in default at the time it was obtained by such person." 15 U.S.C.S 1692a(6)(F). Thus, even if Defendant was seeking to collect a debt "due another," Plaintiff has failed to even claim that the Mortgage was in default at the time Defendant obtained its interest.

7

violation of the MRCPA. Moreover, Plaintiffs also fail to plead any facts to support the existence of any actual damages, thereby precluding recovery for any inadvertent violations of the MRCPA. *See* Mich. Comp. Laws § 445.257(1). Plaintiffs' claim only that they "have suffered an injury, loss, or damage from a person for whom money was collected by Defendants' use of methods, acts, or practice in violation of the Michigan Act." This statutory recitation is an insufficient showing and, accordingly, Plaintiffs fail to state a claim under the MRCPA.

### E. COUNT VII – ACCOUNTING CLAIM; COUNT XII – BREACH OF CONTRACT CLAIM

In Counts VII and XII, Plaintiffs allege that "an accounting is necessary to determine the balance of the Loan but for the improper changes to Plaintiffs' account caused by Defendant's explicit instructions to Plaintiffs to default on their Mortgage in order to be eligible for a loan modification," and that Defendant "breached the Mortgage and the [Note]," by "instructing Plaintiffs that the only way to qualify for modification would be to intentionally fall behind in the [M]ortgage." Dkt. 23 at 13–14. Thus, both claims are based on the alleged oral promises purportedly made to Plaintiffs by Defendant's representatives. Michigan's statute of frauds, however, precludes such claims.

> The Statute of Frauds states as follows:
>
> (2) An action shall not be brought against a financial institution to enforce any of the following promises or commitments of the financial institution *unless* the promise or commitment *is in writing and signed* with an authorized signature by the financial institution:
>
> > (a) *a promise* or commitment to lend money, grant or extend credit, or make *any other financial accommodation*;
> >
> > (b) *a promise* or commitment to renew, extend, *modify*, or permit a delay in repayment or *performance of a loan*, extension of credit, or other financial accommodation.
> >
> > (c) *a promise or commitment to waive a provision of a loan*, extension of credit, *or other financial accommodation.*

Mich. Comp. Laws § 566.132(2) (emphasis added). According to the unambiguous language of the statute, a party is precluded from bringing a claim against a financial institution to enforce the terms of an

8

*oral promise* that waives a loan provision. *See Crown Tech. Park v. D & N Bank, FSB*, 242 Mich. App. 538, 550 (2000). Thus, Plaintiffs' claims are barred under the statute of frauds. Additionally, an accounting is an extraordinary, equitable remedy that is not permitted when a remedy at law is available and, moreover, is inappropriate in cases regarding amounts due under a contract, such as a note or mortgage. *Barkho v. Homecomings Financial, LLC*, 657 F. Supp. 2d 857, 865 (E.D. Mich. 2009). As such, these claims must fail.

## V. CONCLUSION

Accordingly, and for the reasons set forth above, it is HEREBY ORDERED that Defendants' Motion to Dismiss [dkt 8] is GRANTED.

IT IS FURTHER ORDERED that Plaintiffs' Complaint is DISMISSED WITH PREJUDICE.

IT IS SO ORDERED.

Date: June 26, 2013
s/Lawrence P. Zatkoff
LAWRENCE P. ZATKOFF
U.S. DISTRICT JUDGE